UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Taurean Curtis Jackson, | Civ. No. 25-2168 (JWB/SGE) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| Thomas M. Hollenhorst, *Assistant U.S. Attorney*; Katharine T. Buzicky, *Assistant U.S. Attorney*; Lisa D. Kirkpatrick, *Acting U.S. Attorney*; DEA Agent John Doe 1; DEA Agent John Doe 2; DEA Agent John Doe 3, | |
| Defendants. | |

Taurean Curtis Jackson, pro se Plaintiff.

Taurean Curtis Jackson, representing himself without a lawyer, filed this lawsuit against three federal prosecutors and three unnamed Drug Enforcement Administration ("DEA") agents. Jackson alleges that these Defendants violated the Constitution by conspiring to falsify evidence against him in *United States v. Jackson*, Crim. No. 21-cr-216 (4) (DWF/DTS) (D. Minn.) and coercing him into entering a guilty plea for which he is currently serving his sentence.

On June 5, 2025, Magistrate Judge Shannon G. Elkins issued a Report and Recommendation ("R&R") recommending the dismissal of this action. (*See* Doc. No. 7.) Jackson's timely-filed objection to the R&R makes three arguments: (1) the R&R misapplies *Heck v. Humphrey* to his due process claims, (2) his fabrication of evidence

claims fall under the scope of *Bivens* according to Eighth Circuit precedent, and (3) acceptance of the R&R would result in "harmful collateral consequences." (*See* Doc. No. 8 at 1–2.) For the reasons below, Jackson's objections are overruled, the R&R is accepted, and the matter is dismissed without prejudice.

## ANALYSIS

### I. Standard of Review

District courts review the portions of an R&R to which an objection is made de novo and "may accept, reject, or modify the recommended disposition." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). Because Jackson is pro se, his objections are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### II. Analysis

#### A. Application of *Heck v. Humphrey*

Jackson first objects to the R&R's reference to *Heck v. Humphrey*, 512 U.S. 477 (1994) and the implication that his claims challenge the validity of his conviction. (Doc. No. 8, Obj. at 1–2.) *Heck* requires a claimant who challenges the legality of their conviction by seeking damages to first show that the underlying conviction has been invalidated through a proper procedural mechanism, or that the court consider whether a finding for the plaintiff would necessarily imply their conviction was invalid. *Heck*, 512 U.S. at 486–87; *see also Washington v. Sorrows*, 107 F.3d 876, 876 (8th Cir. 1997) (applying *Heck* to *Bivens* claims). The doctrine arises out of the need to maintain "finality and consistency" and avoid parallel litigation. *Thomas v. Eschen*, 928 F.3d 709, 712–13 (8th Cir. 2019).

According to Jackson, *Heck* is inapplicable because his claims do not call his conviction into question, but instead target due process violations "that occurred independently of the verdict and caused separate constitutional harm." (Obj. 1.) Despite his characterization, however, Jackson plainly seeks to challenge the circumstances underlying his conviction. The Amended Complaint seeks compensatory damages for "wrongful incarceration" arising out of the alleged Fifth and Sixth Amendment violations and alleges that Defendants used false evidence to coerce him into a guilty plea and inflate his prison sentence. (Doc. No. 5 at 3–4.) Jackson cannot reconcile his "attempt to distinguish [his] case from *Heck*" with "his theory of the case and the description of the injury he allegedly suffered." *Thomas*, 928 F.3d at 713.

The cases that Jackson cites are not persuasive. *Skinner v. Switzer*, 562 U.S. 521, 525, 534 (2011) stands for the limited holding that an order for a postconviction DNA test does not necessarily invalidate the underlying conviction. And in *McDonough v. Smith*, the U.S. Supreme Court plainly distinguished the *McDonough* plaintiff, who had been acquitted of all charges, from the *Heck* plaintiff who—like Jackson—had been convicted. 588 U.S. 109, 112–13, 119 (2019). Neither *Skinner* nor *McDonough* support Jackson's contention that his claim for damages is somehow tailored to only address due process violations, not the conviction that arose out of those alleged violations. The R&R's application of *Heck* to Jackson's claims is accepted.

**B.     Scope of *Bivens***

Next, Jackson challenges the R&R's conclusion that his claims do not fall within the limited contexts that allow for recovery under *Bivens*. As the R&R explains (*see* Doc.

3

No. 7 at 3), the U.S. Supreme Court has recognized a cause of action under *Bivens* in only three specific situations. *See Ahmed v. Weyker*, 984 F.3d 564, 567 (8th Cir. 2020). Allowing additional causes of action under *Bivens* is considered "a disfavored judicial activity." *Egbert v. Boule*, 596 U.S. 482, 491 (2022).

Jackson's objection relies on two cases for his contention that Eighth Circuit precedent supports the inclusion of his fabrication of evidence claims under *Bivens*. (Obj. 2.) The first, however, concerns a § 1983 action by a city resident against city officials after the construction of a drainage ditch near her property. It does not discuss *Bivens*, *see Wilson v. Northcutt*, 441 F.3d 586, 588 (8th Cir. 2006), let alone state that fabrication of evidence constitutes a *Bivens* action. (*See* Obj. 2.) And *Moran v. Clarke* concerned the conduct of city—not federal—officials and, therefore, does not mention *Bivens*. 296 F.3d 638, 639 (8th Cir. 2002). Accordingly, the R&R's analysis of Jackson's claims as they do or do not relate to *Bivens* is accepted.

## C.   Harmful collateral consequences

According to Jackson, acceptance of the R&R would result in "harmful collateral consequences" in the form of prejudice to his post-conviction motion in *United States v. Jackson*, including preclusion from refiling his claims and the appearance of conceding his claims. (Obj. at 2.) This argument is not well taken. Any collateral consequences—which this Court determines there are none—are not pertinent to determining the viability of Jackson's pled claims in this action. Jackson has shown no support for his assertion of negative consequences. The June 5, 2025 R&R is adopted in its entirety and Jackson's objection is overruled.

## ORDER

Based on the R&R of the Magistrate Judge, and on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Taurean Curtis Jackson's Objection to the Report and Recommendation (Doc. No. 8) is **OVERRULED**;

2. The Report and Recommendation (Doc. No. 7) is **ACCEPTED**; and

3. Plaintiff Taurean Curtis Jackson's Amended Complaint (Doc. No. 5) is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: July 11, 2025

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge